Oliver A. Robertson, Martin James Hale, William James Smith and Frank M. McIntyre, Respondents, v. Giuseppe Sarubbi, Appellant.— Action for damages for personal injuries sustained when defendant's taxicab, in which plaintiffs were passengers, collided with another motor vehicle. On motion of plaintiffs the trial court set aside the verdict of the jury in favor of plaintiffs Robertson, Hale and Smith on the ground of inadequacy; and against plaintiff McIntyre on the ground it was inconsistent and against the weight of the evidence; and ordered a new trial. Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

Hannah Scheidel and Charles L. Scheidel, Respondents, v. Brooklyn and Queens Transit Corporation, Appellant.— Action for damages for personal injuries suffered as a consequence of the plaintiff Hannah Scheidel being struck by a trolley car operated by the defendant at the intersection of two streets in Brooklyn. Also companion action of her husband for loss of services and expenses. Judgment for the plaintiffs unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

Claude Severance, III, by His Guardian ad Litem, Claude Severance, II, Respondent, v. The Fishkill Electric Railway Co., Appellant.— Appeal from order granting examination before trial. Order affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

Sue Shapiro, Formerly Known as Sue Podell, Respondent, v. Ruth Goldstein, Rose Dwork, Lillian Wiener and 1344 Eastern Parkway Corporation, Appellants, and J. Lester Shapiro and Others, Defendants.— Order denying appellants' application to examine J. Lester Shapiro before trial reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; examination to proceed on five days' notice. The undisputed facts show that J. Lester Shapiro is in effect the plaintiff and that the named plaintiff is merely his dummy. The " special circumstances " referred to in section 288 of the Civil Practice Act are established. (Goodwin Apartment Corp. v. Kronish, 244 App. Div. 747; La Bonte v. Long Island R. R. Co., 242 id. 844; Rubel Corp. v. Rosoff, 251 id. 868.) Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.